**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

TRANSAMERICA LIFE INSURANCE
COMPANY,

    *Plaintiff*,

                                        **Case No. 5:25-CV-00525-JKP**

v.

SHAWN MICHAEL BURLESON, ER-
IC SNYDER, AND DOES 1-10,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Transamerica Life Insurance Company's ("Transamerica")

second Motion for Default Judgment, (*ECF No. 28*). In Transamerica's Motion, Transamerica

moves for default judgment against Defendant Shawn Michael Burleson, who has not appeared

in this action. Upon consideration, the Court will grant-in-part and hold in abeyance in part

Transamerica's Motion for Default Judgement, (*id*).

## BACKGROUND

Following sufficient service of summons upon Defendant Shawn Michael Burleson

("Burleson") and Defendant Eric Snyder, and their failure to file an answer or otherwise appear,

Transamerica obtained a Clerk's Entry of Default and filed its initial Motion for Default Judg-

ment against Burleson. *See ECF Nos. 6, 7, 8, 9, 10, 18*.

On January 28, 2026, the Court denied the initial Motion for Default Judgment, stating:

> Though Transamerica appears to be entitled to a default judgment, it would never-
> theless be improper to enter judgment against Defendant Shawn Michael Burleson
> at this time because there is another defendant, Defendant Eric Snyder, that filed
> an Answer, (*see ECF No. 10*), and Transamerica is requesting the defendants be

held jointly and severally liable, (*see ECF No. 1*).

. . .

> Because there is another defendant in this case who has answered—Eric Snyder—and because the claims against the defendants are seeking joint and several liability, it would be improper to enter a default judgment against Defendant Shawn Michael Burleson now. Because Transamerica obtained a Clerk's Entry of Default as to the defaulting party, Defendant Shawn Michael Burleson, it is thus protected with regard to having to proceed any further as to Defendant Shawn Michael Burleson. Before a joint and several judgment may be entered against him, however, Transamerica must first obtain a judgment against the answering defendant, Defendant Eric Snyder. The Court further notes Transamerica also names "Does 1–10" in its Complaint, but it does not appear these individuals have been served.

*ECF No. 22* at 2–3 (footnotes omitted). Thereafter, Transamerica filed a Joint Stipulation of Dismissal, dismissing its claims against Defendant Eric Snyder. *ECF No. 25*. Transamerica also filed a Notice of Voluntary Dismissal as to the Defendants Does 1–10. *ECF No. 24*.

Now before the Court is Transamerica's second Motion for Default Judgment against Burleson, (*ECF No. 28*). Burleson did not file an answer, and the Court now considers the Motion for Default Judgment as unopposed. *See* W.D. Tex. Civ. R. 7(d)(2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

2

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022).

First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following:

> (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant.

*Id.* Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's com-

plaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's Complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F. Supp. 3d at 814.

Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206; *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

## ANALYSIS

### I.    Initial Procedural Requisites

First, the record reveals Burleson failed to file an Answer after sufficient service and expiration of the appropriate deadline to do so and has otherwise failed to appear in this action. *See ECF Nos. 6*. As a result, at the request of Transamerica, the Clerk of Court entered a Clerk's Entry of Default against Burleson. *ECF No. 9*. Upon satisfaction of the first two requisites, Transamerica filed its instant second Motion for Default Judgment. *ECF No. 28.*

Accordingly, Plaintiff satisfied all procedural requisites to seek default judgment against Defendant. *See* Fed. R. Civ. P. 55.

### II.    Substantive Merits of Default Judgment

#### A.    Step One: Whether Default Judgment Is Appropriate

Federal Rule 55 permits a default judgment as the consequence of a defendant's failure to answer should other circumstances also support this harsh remedy. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973).

Here, the record reveals Burleson had ample notice and opportunity to file an answer or otherwise appear as required by Rule 55. Such failure to respond to a court order constitutes suf-

ficient grounds for a default judgment. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), *cert. denied*, 392 U.S. 928 (1968).

Because Burleson failed to file any responsive pleadings, there are no material facts in dispute and the grounds for default are "clearly established." *See Lindsey*, 161 F.3d at 893; *see also Nishimatsu Constr.*, 515 F.2d at 1206; *RLI Ins. Co.*, 581 F. Supp. 3d at 824–25 (W.D. Tex. 2020). Burleson's failure to respond threatens to prejudice Transamerica's undisputed interest. *See id*. Nothing before the Court indicates Burleson's silence is the result of a good faith mistake or excusable neglect.

For these reasons, the Court finds default judgment is procedurally warranted.

**B.    Step Two: Whether There is a Sufficient Basis in the Pleadings for the Judgment**

Due to the entry of default, Burleson is deemed to have admitted the allegations outlined in the Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether Transamerica plead a sufficient basis for its claims for relief under Federal Rule 8. *See id.*

**1.    Money Had and Received**

A plaintiff seeking recovery under a theory of money had and received must prove the "defendant holds money which in equity and good conscience belongs to him." *Matter of Okedokun*, 968 F.3d 378, 390 (5th Cir. 2020) (citing *Staats v. Miller*, 243 S.W.2d 686, 687 (Tex. 1951)).

Transamerica has set forth facts now deemed as true based upon Burleson's failure to answer. Transamerica's Complaint asserts: Burleson received $92,500 which was not due and owing under an annuity following the death of David James Jaggers; Burleson wrongfully exercised

5

dominion and control over the $92,500; and used the $92,500 for his own personal use, and, thereby, directly benefited from the receipt and retention of the $92,500. *See ECF No. 1*. Thus, Transamerica has shown Burleson is liable for money had and received.

### 2.    Fraud

The elements of a Texas common law fraud claim are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it should be acted upon by the party; (5) the party acted in reliance upon the representation; and (6) the party thereby suffered injury. *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 296 n.5 (5th Cir. 2016) (citing *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990)).

Transamerica has set forth facts now deemed as true based upon Burleson's failure to answer. Transamerica's Complaint asserts: Burleson misrepresented to Transamerica that Mr. Jaggers was living on January 2, 2019; Burleson knowingly and intentionally concealed from Transamerica that Mr. Jaggers died on December 16, 2018; Burleson intended for Transamerica to rely on the representation so life-contingent monthly payments would continue; and Transamerica reasonably relied upon the misrepresentation to its detriment, causing it to continue making the monthly payments up to and through February 18, 2022, despite Mr. Jaggers' death years prior. *See ECF No. 1*. Thus, Transamerica has shown Burleson is liable for fraud.

Based upon these alleged facts deemed as true, the Court concludes Transamerica plead and proved a sufficient basis for the asserted money had and received and fraud causes of action.

### C.    Form of Relief

6

Having found that the Motion should be granted and judgment should be entered in favor of Transamerica, the Court must determine the appropriate form of relief.

Transamerica seeks $92,500 in actual damages; $30,312.02 in attorney's fees and costs, pre-judgment interest, and post-judgment interest. *See ECF Nos. 28, 28-1*. TransAmerica holds the burden to establish its entitlement to recovery. *Freeman*, 605 F.2d at 857.

## I.   Actual Damages

While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Transamerica asserts "the company unknowingly issued posthumous Periodic Payments . . . from December 21, 2018 through February 18, 2022 totaling $92,500.00," and that "it is entitled to actual damages in the amount of $92,500.00." *ECF No. 28* at 4, 9.  This conclusory assertion is the extent of the evidence that Transamerica brings forth to prove up its damages. This is insufficient. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3 ("Normally, damages are not to be awarded without a hearing or a demonstration by *detailed* affidavits establishing the necessary facts.") (emphasis added). There is no evidence Transamerica incurred the requested damages. Accordingly, Transamerica has not adequately supported its damages amount. Due to this deficiency, the Court will hold this aspect of Transamerica's Motion in abeyance.

## II.   Attorney's Fees and Costs

7

Under Texas law, "[w]hen a claimant wishes to obtain attorney's fees from the opposing party, the claimant must prove that the requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). Texas courts typically evaluate reasonableness and necessity using the two-step lodestar method. *Id.* at 501. First, courts calculate the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate for such work. *Id.* Then courts apply the *Arthur Andersen* factors[1] to determine whether the lodestar should be adjusted. *Id.* (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)). The party seeking attorneys' fees must provide, "at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 502.

Transamerica wholly fails to brief the reasonableness and necessity of its request for attorney's fees. *See ECF No. 28*. In addition, while Transamerica provides an exhibit, Exhibit A, "a copy of a report from [the] firm's accounting software," this document is heavily redacted. *ECF Nos. 28-1* at 3, *28-2*. The billing entry redactions prevent the Court from determining the "particular services performed." *See Rohrmoos*, 578 S.W.3d at 502. Many do not contain the subject matter of the task or what was done. Courts applying federal law have disallowed or reduced such inadequate requests. *See, e.g., Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, 2011 WL 487754, at *7 (N.D. Tex. Feb. 11, 2011); *Cookston v. Freeman, Inc.*, 1999 WL

---

[1] They are (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

8

714760, at \*3 (N.D. Tex. Sept. 14, 1999). The Court similarly finds the billing entries inadequate under Texas law. *See Rohrmoos*, 578 S.W.3d at 502. Finally, to the extent Transamerica seeks "costs," it does not distinguish attorney's fees from costs. *See* 28 U.S.C. § 1920. Accordingly, the Court will also hold this aspect of Transamerica's Motion in abeyance.

### III.    Opportunity to Supplement

Regarding Transamerica's request for damages, attorney's fees, and costs, the Court will allow a limited opportunity to seek these in a supplement to the second Motion for Default Judgment. **The Court WARNS Transamerica that it must be precise and carefully provide evidence in a clear and consistent manner in support of such.** The Court notes that Transamerica should have known to do this and thus the Court is hesitant to allow it now but will nevertheless allow Transamerica an opportunity to file a supplement to its second Motion for Default Judgment which specifically points out its request and support for damages, fees, and costs.

### CONCLUSION

For the reasons stated above, the Court **GRANTS-IN-PART AND HOLDS IN ABEYANCE IN PART** Transamerica's Motion for Default Judgement, (*ECF No. 28*). The Motion is **GRANTED** as to Transamerica's money had and received and fraud causes of action.

The Court will **HOLD IN ABEYANCE** Plaintiff's requests for damages, fees, and costs, as well as the request for entry of final default judgment. A supplement to the Second Motion for Default Judgment is due **no later than July 3, 2026, at 3:00 p.m.** Failure to file a supplement will result in the Court denying Plaintiff's requests for damages, fees, and costs, and entering final default judgment.

It is so ORDERED.

9

SIGNED this 8th day of June, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE