**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**TRANSAMERICA LIFE INSURANCE COMPANY,**

***Plaintiff*,**

**v.**

**SHAWN MICHAEL BURLESON,**

***Defendant*.**

**Case No. 5:25-CV-00525-JKP**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Transamerica Life Insurance Company's ("Transamerica") Supplemental Brief in Support of Its Motion for Default Judgment, (*ECF No. 30*), and Supplemental Declaration, (*ECF No. 33*). The Court previously, on June 8, 2026, granted Transamerica's second Motion for Default Judgment, (*ECF No. 28*), but withheld entry of final judgment by default at that time, finding Transamerica had not adequately supported its damages amount and wholly failed to brief the reasonableness and necessity of its request for attorney's fees and costs. *See ECF No. 29*. The Court then allowed Transamerica a limited opportunity to provide support for these requests in a supplement to the second Motion for Default Judgment. *See id*. Transamerica then filed the instant supplements. *ECF Nos. 30*, *33*. Upon consideration, the Court will award Transamerica its requested damages, attorney's fees, and costs, and will enter a final judgment by default.

**BACKGROUND**

As stated, the Court previously, on June 8, 2026, granted Transamerica's second Motion for Default Judgment, (*ECF No. 28*), but withheld entry of final judgment by default at that time, finding Transamerica had not adequately supported its damages amount and wholly failed to brief the reasonableness and necessity of its request for attorney's fees and costs. *See ECF No. 29*. The Court then allowed Transamerica a limited opportunity to provide support for these requests in a supplement to the second Motion for Default Judgment. *See id*. Transamerica then filed the instant supplements. *ECF Nos. 30*, *33*.

In its Supplemental Brief in Support of Its Motion for Default Judgment, (*ECF No. 30*), Transamerica reports:

> 6. Transamerica has alleged and moved for an award of actual damages totaling $92,500 in payments made pursuant to the Annuity that were not owed after the death of Mr. Jaggers.
>
> 7. As stated in the Motion, Transamerica was fraudulently misled as to the status of Mr. Jagger's life through a letter sent to Transamerica by Defendant Burleson. Therein, Defendant Burleson held himself out as the Power of Attorney for Mr. Jaggers, and further misrepresented that Mr. Jaggers was still living in January of 2019 despite his death in December 2018. As a result, Transamerica continued to make life-contingent payments based upon the misrepresentation that Mr. Jaggers, who served as the measuring life for the payments, remained living. Had Defendant Burleson promptly advised Transamerica of the death of Mr. Jaggers in December 2018, Transamerica would have immediately terminated the life-contingent payments under the Annuity. Instead, based upon Defendant Burleson's fraudulent misrepresentations, Transamerica continued to make payments pursuant to the Annuity from December 21, 2018 through February 18, 2022 totaling $92,500. In further support of Transamerica's pleaded allegations regarding the overpayments made, Transamerica attaches hereto and incorporates the declaration of Randall Greenwood, the Assistant Vice President of Operations at Wilton Re, the reinsurer of certain contracts of insurance on behalf of Transamerica.

*Id*. at 2–4. The additional evidence submitted, including the Declaration of Randall Greenwood, Assistant Vice President of Operations at Wilton Re (which is the reinsurer of certain contracts of insurance on behalf of Transamerica) and a Payment Ledger reflecting the dates overpayments

were issued properly supports Transamerica's request for $92,500.00 in damages. *ECF Nos. 30-1*, *33*, *33-1*. Because Transamerica has supplemented the record regarding its request for damages, the Court is able to proceed to address Transamerica's request for attorney's fees.

## LEGAL STANDARD

In Texas, a Plaintiff may recover attorney's fees if the claim is for an oral or written contract. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). Recovery of attorney's fees requires the Plaintiff to prove the fees were "reasonable and necessary for the prosecution of the case." *Mexicans & Americans Thinking Together Found., Inc. v. Sonora, Mex.*, 2011 WL 13235161, at *6 (W.D. Tex. Aug. 9, 2011) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1998)). As Plaintiff was represented on an hourly-fee basis, reasonable attorney's fees are determined via the lodestar method of multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar method's reasonableness may be adjusted based on:

> (1) time and labor required, novelty and difficulty of the questions involved, skill required to perform the legal service properly;
>
> (2) preclusion of other employment by the attorney by accepting the instant case;
>
> (3) fee customarily charged in the locality for similar legal services;
>
> (4) amount involved and the results obtained;
>
> (5) time limitations imposed by the client or by the circumstances;
>
> (6) nature and length of the professional attorney-client relationship;
>
> (7) experience, reputation, and ability of the lawyer(s) performing the services;
>
> (8) whether fee is fixed or contingent on results obtained or pre-service collection[.]

*Id.* at *7 (citing *Andersen*, 945 S.W.2d at 818). This Court reviews each factor. "Requested fees must relate reasonably to the amount in controversy or the complexity of the case's circumstances." *Id.* (citing *Mid-Continent Cas. Co. v. Chevron Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000)). "When applicants with the burden to document appropriate hours expended and hourly rates provide inadequate documentation, a district court has discretion to reduce the award accordingly." *Id.* (citing *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 535–36 (5th Cir. 1986)).

**ANALYSIS**

In its Supplemental Brief in Support of Its Motion for Default Judgment, (*ECF No. 30*), Transamerica reports:

> 8. As noted in the Court's Order, a claimant must demonstrate the fees incurred were both reasonable and necessary and provide evidence of the services performed, who performed those services, when the services were performed, the reasonable amount of time required to perform the services, and the reasonable hourly rate for each person performing the service. In support of its Motion, Transamerica submitted a declaration stating the personnel and reasonable hourly rate of the personnel performing services in prosecuting this matter. Transamerica also submitted redacted fee invoices for the attorneys and paralegals performing services and evidencing the amount of time and rates for services performed. However, the invoices were overly redacted to show all the information warranted under Arthur Anderson.
>
> 9. In further support of its claim for recovery of the reasonable and necessary attorney fees incurred in this matter up to September 2025, Transamerica attaches hereto and incorporates invoices for fees incurred with far less restrictive redactions to provide information on the services performed. The invoices billed to the client also display the costs incurred for filing fees, process servers, and database research on defendants and Plaintiff's claims. In total, the records reflect Transamerica has incurred $29,053.18 in fees and $1,258.84 in costs.
>
> 10. Here, Transamerica has been forced to incur more than the $30,312.02 in fees and costs requested in its Motion; however, Transamerica has limited its request to those fees and costs incurred through the filing of its motion for entry of default.

*Id*. at 3–4. The additional evidence submitted, including the invoices for fees incurred (with far less restrictive redactions that provide information on the services performed), combined with

the previously submitted Declaration by counsel in this case, Max Moran, properly supports Transamerica's request for attorney's fees and costs. *ECF Nos. 28-1, 30-5*.

As such, based upon the Declaration and the Court's consideration of the *Andersen* factors, the Court finds Transamerica's requested attorney's fees and court costs to be reasonable and proper. The Court awards attorney's fees in the amount of $29,053.18 and costs in the amount of $1,258.84, for a total of $30,312.02.

**CONCLUSION**

For the foregoing reasons, the Court awards Transamerica its requested damages, attorney's fees, and costs, and will simultaneously enter a final judgment by default.

It is so ORDERED.
SIGNED this 28th day of July, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE